FILED IN CHAMBERS
U.S.D.C. - Atlanta

OCT 20 2011

James N. Hatten, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTINA QUINLAN,

Plaintiff

v.

PUBLIX SUPER MARKETS, INC.,

Defendant

CIVIL ACTION FILE
NO. 1:10-CV-03420-ODE

ORDER

This case is before the Court on Defendant, Publix Super Market, Inc.'s ("Defendant") motion for summary judgment [Doc. 43]. Plaintiff Christina Quinlan ("Plaintiff") has responded in opposition to Defendant's motion [Doc. 57], and Defendant has replied [Doc. 66]. For the following reasons, Defendant's motion for summary judgment is GRANTED.

Plaintiff filed this negligence and premises liability case on September 8, 2010 [Doc. 1]. The case was transferred from the United States District Court for the Northern District of Georgia Newnan Division to the Atlanta Division on October 21, 2010 [Doc. 9]. Defendant filed the instant motion for summary judgment on July 10, 2011 [Doc. 43].

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction. Plaintiff is a resident of Douglas County, Georgia. Defendant is a Florida corporation with its principal place of business in Lakeland, Florida. The amount in controversy exceeds $75,000.00 [Doc. 1 at 1].

I. Statement of Facts

The following facts are undisputed unless noted otherwise.

Defendant operates a store located at 2000 Mirror Lake Boulevard, Villa Rica, Georgia [Doc. 1 ¶ 16]. On September 10, 2008 Plaintiff was at Defendant's store where she was shopping with her grandmother, grandfather, and daughter. [Doc. 1 ¶ 17]. Plaintiff and her family were in line at Register Six to purchase groceries [Deposition of Navie Petithomme, Doc. 58-5 at 11]. Plaintiff's daughter was in the grocery cart, either in her carseat or directly in the cart [Deposition of Christine Quinlan, Doc. 43-2 at 4-5]. There is conflicting evidence of whether there were other customers in line at Register Six as well [Doc. 58-5 at 26-27; Affidavit of Christina Quinlan, Doc. 58-1 ¶ 8]. Plaintiff left the check out line to retrieve razor blades located on an end-cap behind the check-out area [Id. ¶¶ 8-9]. When returning to the check out line and passing a beverage refrigerator of bottled drinks, Plaintiff's feet slipped from under her, and she fell [Id. ¶ 10]. Plaintiff attempted to catch herself with her left hand [Doc. 43-2 at 16].

Plaintiff was wearing flip-flops when she fell [Doc. 58-1 ¶ 6]. Plaintiff did not observe liquid on the floor prior to her fall, but while seated she noticed clear liquid on the floor [Doc. 58-1 ¶¶ 14-18]. Plaintiff estimates the liquid was between one-half of a cup and one cup and created a spot twelve to eighteen inches wide [Docs. 43-2 at 6, 58-1 ¶ 18]. After she fell, Plaintiff's back, hip and left wrist began to hurt. No Publix employee saw Plaintiff fall or saw Plaintiff on the ground after

she fell. Plaintiff's grandfather, who was checking out, did not see Plaintiff fall or see Plaintiff on the ground after she fell, though he has hearing and eyesight deficits. A cashier was working at the cash register approximately three feet from where Plaintiff fell, but Plaintiff's grandmother testified in deposition that the cashier was likely performing check out and did not see the fall [Docs. 58-5 at 21-22, 43-5 at 15].

Plaintiff has no knowledge of the length of time the liquid was on the floor, nor is she aware how the substance came to rest on the floor [Doc. 43-2 at 13]. She is furthermore unaware of the last time a Publix employee visited the area prior to the fall. Plaintiff does not know whether any Publix employee had knowledge of the substance on the floor prior to her fall [Id.]. Plaintiff's grandmother, Mildred Quinlan, who was present at the accident, similarly has no knowledge of how the liquid came to be on the floor, how long it had been there, or if any employee knew of the water [Deposition of Mildred Quinlan, Doc. 43-5 at 12].

After the fall, Plaintiff and her grandmother summoned Mr. Gilbert Barney, an Assistant Customer Service Manager [Doc. 58-1 ¶ 20; Deposition of Gilbert Barney, Jr., Doc. 58-4 at 21-24]. Mr. Barney apologized and provided a customer incident report, which Plaintiff completed and Mr. Barney then sent to Publix corporate offices [Doc. 58-1 ¶ 20]. Mr. Barney observed a small amount of water on the floor. Mr. Barney called an employee to clean the spill with a paper towel and sweep the area [Doc. 58-4 at 27-28]. Plaintiff may have complained of injury to her hip to Mr. Barney [Id. at 29]. Later that evening, Plaintiff went to Wellstar Douglas Hospital where an x-ray of her wrist was taken and

Plaintiff was treated with a splint. Plaintiff later received a cast on her left wrist. Plaintiff then had surgery on her wrist on July 2, 2009 [Doc. 58-1 ¶ 23]. In July 2009, Plaintiff returned to the emergency room because the pins in her wrist were coming out, which may have been caused, in part, by an injury from a car door [Id. at 28-30]. Plaintiff continues to have discomfort in her left wrist.

Ms. Petithomme was employed as a Front Service Clerk at Publix and was working on the day of Plaintiff's incident. [Doc. 58-5 at 10-11; Affidavit of Navie Petithomme, Doc. 43-4 ¶ 3]. Ms. Petithomme, as part of her job duties, regularly patrols the front of the store to ensure it is free of debris or hazardous conditions [Id. ¶ 6]. Ms. Petithomme passed by the area where Plaintiff fell three to four minutes prior to the incident [Doc. 58-5 at 11-12, 18-19]. Plaintiff disputes this because she did not see a Publix employee in the area between the time she arrived to check out and her fall [Doc. 58-1 ¶ 21]. Plaintiff's grandmother, similarly, believes they had been in line for at least five minutes and did not see any Publix employee patrolling the area prior to Plaintiff's fall [Affidavit of Mildred Quinlan, Doc. 58-3 ¶¶ 7-8]. Ms. Petithomme did not observe any water on the floor [Doc. 58-5 at 12-13]. Had there been a substance on the floor, Ms. Petithomme testified in deposition that she would have seen it [Id. at 14].

Had Ms. Petithomme seen a substance on the floor, she would have stood by the substance, alerted someone to retrieved a mop and floor sign, and ensured the substance was removed pursuant to Publix's "Don't Pass It Up - Pick It Up" policy [Id. at 26; Doc.

43-4 ¶ 5]. All employees are trained to follow this procedure wherein employees are required to survey the floor for spills or trash and immediately clean it or stand by it and alert another employee to clean it [Doc. 58-4 at 32-33]. Publix demands that all employees working ensure the cleanliness of the store at all times. Other employees testified that they follow the "Don't Pass It Up - Pick It Up" policy as well [Doc. 58-7 at 11]. Publix does not require that employees keep sweep logs or patrol the store at regular intervals [Id. at 12-13]. Plaintiff's grandmother testified in her deposition that the employees of the store are "high-service people" and that they take care of problems when observed [Doc. 43-5 at 12].

Plaintiff seeks damages for physical and mental suffering, medical expenses, lost earnings, and lost earning capacity.

II. Discussion

A. Standard of Review

The Court will grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks and citation omitted). To be material, a fact must be identified by the controlling substantive law as an essential element of the non-moving party's case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Furthermore, the

issue must be genuine; there is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249. In reviewing the record, the district court must construe the facts and make all reasonable inferences in favor of the non-moving party. Id. at 255; Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008).

B. Analysis

Defendant Publix argues that the Plaintiff cannot establish that Publix had either actual or constructive knowledge, and that the Court should not hold Publix liable, as a matter of law, for the injuries resulting from Plaintiff's fall on the premises. In accordance with Georgia law, an owner or occupier of land "owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk or to lead them into a dangerous trap." Robinson v. Kroger Co., 493 S.E.2d 403, 408 (Ga. 1997) (citing Madaris v. Piggly Wiggly S., Inc., 422 S.E.2d 273, 405-06 (Ga. Ct. App. 1992)). Despite this, an owner or occupier is not the insurer of the safety of an invitee onto property and is under no duty to continually patrol the premises to discover potential hazards. Alterman Foods, Inc. v. Ligon, 272 S.E.2d 327, 329-31 (Ga. 1980). A court may only impose liability upon an owner or occupier of land for injuries sustained if the injured party establishes (1) that the defendant had actual or constructive knowledge of the hazard and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due

to actions or conditions within the defendant's control. Robinson, 493 S.E.2d at 414.

Plaintiff bears the burden of showing Defendant's knowledge, and the Defendant may prevail on summary judgment by pointing to a lack of evidence in the record demonstrating the Defendant had actual or constructive knowledge of the hazard. Heath v. Wal-Mart Stores E., LP, 697 F. Supp. 2d 1373, 1380 (N.D. Ga. 2010) (Forrester, J.). Plaintiff has not submitted any evidence that Defendant had actual knowledge of any hazard on the floor. Plaintiff and her grandmother each admit they have no information that would suggest a Publix employee knew of the hazard before Plaintiff's fall.

Because it is undisputed Defendant lacked actual knowledge of the hazard, the Plaintiff must show Defendant had constructive knowledge of the hazard to avoid summary judgment. Blocker v. Wal-Mart Stores, Inc., 651 S.E.2d 845, 847 (Ga. Ct. App. 2007) (citation omitted). Defendant's constructive knowledge of the hazard can be established by showing that "an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard" or that "the alleged hazard was present for such a length of time that it would have been discovered had the proprietor exercised reasonable care in inspecting the premises." Id.

To survive a motion for summary judgment under either of these tests, Plaintiff must establish that Defendant had an opportunity to discover the hazard by alleging "'facts or circumstances sufficient to make it a question of fact as to whether the alleged dangerous condition had existed for a

sufficient length of time so that knowledge would be imputed to'" Defendant. Mitchell v. Food Giant, Inc., 337 S.E.2d 353, 355 (Ga. Ct. App. 1985) (quoting Ward v. Veterans of Foreign Wars, 136 S.E.2d 481, 483 (Ga. Ct. App. 1964)). For the reasons set forth below, the Court finds that Plaintiff failed to present sufficient evidence to establish a triable issue of fact as to either of these measures of constructive knowledge.

Plaintiff cannot survive summary judgment based on the first form of constructive knowledge because Plaintiff has presented no evidence of a Publix employee in the immediate vicinity who could have easily seen and removed the hazard. The mere presence of an employee is insufficient to show that she could have easily seen and removed the hazard, particularly if the attention of the employee is directed elsewhere. See Lovins v. Kroger Co., 512 S.E.2d 2, 4 (Ga. Ct. App. 1999) (where employee was working in cheese section and not facing area in which fall occurred and view was blocked, plaintiff could not show employee could have easily seen foreign substance and removed hazard). The evidence shows that a Publix cashier was not more than three feet from where the incident took place, but that does not demonstrate that the hazard was visible to her. The cashier's attention was focused on her duties checking out customers. Further, the liquid was clear, and Plaintiff herself traversed the area twice--once to enter Register Six and once to leave Register Six--without seeing any water on the floor. Inasmuch as the hazard was not even visible to Plaintiff in close proximity, she has not established that any Publix employees, much less an employee three feet away performing job duties, had the opportunity and means to discover and remove

the hazard. Thus, Plaintiff has failed to introduce any evidence that would charge Publix with the first form of constructive knowledge.

Plaintiff has similarly failed to raise a jury issue as to the second form of constructive knowledge--whether the alleged hazard was present for such a length of time that it would have been discovered had Publix employed reasonable inspection procedures. Summary judgment in this case is not precluded by American Multi-Cinema, Inc. v. Brown, 679 S.E.2d 25, 28 (Ga. 2009), which recognized that the reasonableness of inspection procedures is generally an issue reserved for the jury. Despite the Georgia Supreme Court's admonishment of granting summary judgment in premises liability cases in American Multi-Cinema, that case did not disturb the principle that "[r]egardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to [a] fall, the inspection procedure was adequate as a matter of law and defeats [a] negligence action." Mucyo v. Publix Super Mkts., Inc., 688 S.E.2d, 372, 375 (Ga. Ct. App. 2009) (employee inspection of the floor two minutes prior to fall established adequate inspection procedure as a matter of law (citing Medders v. Kroger Co., 572 S.E.2d 386, 388 (Ga. Ct. App. 2002))); Matthews v. The Varsity, Inc., 546 S.E.2d 878, 881 (Ga. Ct. App. 2001) (inspection five minutes prior to fall was sufficient to establish adequate procedure as a matter of law). A Publix employee had inspected the area only three to four minutes prior to Plaintiff's accident and saw no substance on the floor. Regardless of whether Publix's inspection procedures are sufficient, that this

inspection occurred mere minutes prior to Plaintiff's incident establishes a reasonable inspection procedure as a matter of law.[1] In light of the absence of evidence imputing constructive knowledge to Defendant, Plaintiff has failed to meet her burden. The Court need not address whether Plaintiff exercised reasonable care, since the Plaintiff, as a matter of law, cannot establish that Defendant had actual or constructive knowledge of the hazard.

III. Conclusion

For the reasons stated above, Defendant's motion for summary judgment [Doc. 43] is GRANTED.

SO ORDERED, this 20 day of October, 2011.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff claims that Ms. Petithomme's testimony is not credible. Specifically, Plaintiff refers to Ms. Petithomme's deposition testimony that there was not a drink refrigerator in the vicinity of the fall, that she did not speak to a manager about the fall, and that she did not clean the liquid. Ms. Petithomme has not been proven unreliable and Plaintiff's mere speculation that her deposition testimony is "fraught with peril" is insufficient to raise a genuine issue of fact in light of Ms. Petithomme's direct testimony that she had inspected the floor moments earlier. See Heath, 697 F. Supp. 2d at 1383; Medders, 572 S.E.2d at 388.